Dear Honorable Worthen,
The Attorney General has received your request for an official opinion asking, in effect:
 When a county has voted to approve the conducting of pari-mutuel horse racing in said county pursuant to 3A O.S. 209 (1984), may an election be held in said county to rescind the results of the earlier election?
On November 2, 1983, pursuant to 3A O.S. 209 (1984), the voters of Love County held an election and approved pari-mutuel betting for Love County. Another petition has been filed in Love County seeking to again submit the question of pari-mutuel betting in Love County to the voters of that county. Your question concerns the authority of a county to initiate a second election on the question seeking to "rescind" the first election which approved the question.
Title 3A O.S. 209 (1984) provides the method for calling for an election upon the question of pari-mutuel betting on county option. This statute states:
 "No pari-mutuel racetrack shall be licensed in any county unless the majority of the voters of said county, voting at an election held for that purpose, approve the conducting of pari-mutuel horse racing in said county. An election shall be called upon the filing of a petition with the county election board containing not less than ten percent (10%) of the qualified voters within any such county." (Emphasis added).
The Oklahoma Supreme Court has interpreted 3A O.S. 200 et seq. (1984) in the case of In re Initiative Petition No. 315, etc., 649 P.2d 545
(Okla. 1982). The Court wrote:
 "[T]he voters of a county have no independent authority or power to enact by means of the initiative process a county ordinance to legalize horse race betting in that county. The county initiative process does not extend to this subject. Until the proposed statewide initiative petition is adopted, legalizing pari-mutuel betting and providing for county option vote, the county has no authority to conduct a county election on the question. Consequently, the county option vote provided in § 9 of the petition does not fall within the definition of the initiative process enunciated in Hughes v. Bryan, supra, because it cannot be acted upon at the county level in the absence of legislative authorization at the state level." In re Initiative Petition No. 315, Etc., supra at 551.
Counties have no inherent powers or authority, but possess and can exercise only those powers granted in express words or necessarily or fairly implied or incidental to the powers expressly granted. Shipp v.Southeastern Oklahoma Industries Auth., 498 P.2d 1395, 1398 (Okla. 1972). In re Initiative Petition No. 315, etc., supra.
We now examine the language in 3A O.S. 209 (1984), to answer your question of what authority was granted to the counties. A fundamental rule of statutory construction is that "[w]here the language of a statute is plain and unambiguous and its meaning clear, the enactment will be accorded the meaning as expressed by the language therein employed."Okla. Journal Pub. Co. v. City of Okla. City, 620 P.2d 452,454 (Okla.App. 1980).
The language of 3A O.S. 209 (1984), grants a county the power or authority to hold an election in said county for the sole purpose of deciding whether said county wants to "approve the conducting of parimutuel horse racing in said county." "Approve" means to confirm, ratify, sanction or consent to some act or action of another. Melton v.Cherokee Oil Gas Co., 170 P.691 (Okla. 1918). Black's Law Dictionary, p. 132 (rev. 4th ed. 1968). Therefore, the qualified voters of a county only have the statutory authority to approve the conducting of pari-mutuel horse racing in said county.
"Rescind" means to abrogate, annul, or require restoration of the status quo and means to restore the parties to their former positions.King v. Oakley, 434 P.2d 868, 872 (Okla. 1967). We find no language in 3AO.S. 209 (1984), that grants the qualified voters of a county that has approved pari-mutuel horse racing in said county the statutory authority to rescind, annul and restore the county back to the status quo or former position of not having approved such horse racing. Nor do we find that the authority to rescind a previous election is necessary or fairly implied or incidental to the power to approve such elections as granted by 3AO.S. 209 (1984).
It is, therefore, the official opinion of the Attorney General that 3AO.S. 209 (1984), does not permit a county to rescind an earlier vote bywhich it had approved the conducting of parimutuel horse racing in saidcounty.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
RICHARD MILDREN, ASSISTANT ATTORNEY GENERAL